PER CURIAM.
In this first degree murder case, now pending below, the circuit judge certified the following questions to this court:
QUESTION ONE
When this situation occurs:
Defense counsel makes a demand for discovery pursuant to Rule 3.220(a) (1) (i), *755 R.Cr.P., 33 F.S.A. and the state provides the defense with a list of the names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged or any defense with respect thereto and, subsequent thereto, defense counsel, without previously deposing any of those persons so listed, reciprocates under Rule 3. 220(b)(3), R.Cr.P. by listing, as persons he intends to call at trial, all the persons named by the state above; does Rule 3.220(b)(3), R.Cr.P., entitle defense counsel to reasonable notice when the state, solely for pre-trial preparation, subpoenas only those witnesses the state intends to call at trial and, further, does said Rule entitle defense counsel to be present when the state is preparing its case for trial through such examination? In other words, is defense counsel entitled to sit at the prosecutor’s side when the prosecutor is preparing the state’s case for trial?
QUESTION TWO
Does Rule 3.220(d), R.Cr.P., entitle defense counsel to reasonable notice of the time and place that any deposition is taken from any witness in a criminal case prior to the witness’ deposition being taken, and is defense counsel entitled thereby to be present at the taking of said deposition?
QUESTION THREE
(A)Does Rule 3.220(a)(1)(h), R.Cr.P., require the prosecutor to produce for defense counsel those portions of police reports which contain summaries of interviews of persons whose names and addresses have been listed by the state pursuant to Rule 3.220(a) (1) (i), R.Cr.P., which interviews are substantially verbatim recitals of oral statements of the persons interviewed and were recorded contemporaneously with the making of the oral statements, if, (1) the witnesses are available for deposition, (2) the summaries are not exculpatory, and (3) the state does not intend to introduce them into evidence at trial?
(B) What time period is in the court’s contemplation in construing the word “contemporaneously” ?
(C) Does Rule 3.220(a)(1)(h), R.Cr.P., require the prosecutor to produce for defense counsel the entire police report, except for those portions specifically protected by the above rule, on the grounds that the report contains the “statements” of the officers preparing it, even though the officers are available for deposition, the report is not exculpatory, and the state does not intend to introduce it into evidence at trial?
Rule 4.6, F.A.R., 32 F.S.A., relating to certified questions, provides that questions may be certified by a lower court to an appellate court on propositions of law provided that the answer thereto would be “determinative of the cause” and provided further that they “are without controlling precedent in this state.” We are of the view that answers to the questions posed herein would not be determinative of the cause and, moreover, that none of the questions is fraught with matters upon which there is no sufficient precedent for resolution.
Accordingly, we decline to answer the questions.
McNULTY, A. C. J., BOARDMAN, J., and FERRIS, JOHN G., Associate Judge, concur.